FILED
 2009 Feb-24  PM 02:46
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL RIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-CV-1915-JEO |
| ) | |
| HEAD WARDEN KENNETH JONES, ) | |
| WARDEN TERRANCE MCDONNELL, ) | |
| WARDEN RODNEY HUNTLEY, ) | |
| CAPTAIN JIMMIE RICHBURG, ) | |
| LT. KENNETH CLARK, ) | |
| LT. MELVIN WILSON, ) | |
| CORRECTIONAL OFFICER RONALD ) | |
| HAWKINS,[1] ) | |
| SGT. RONALD CARTER, ) | |
| SGT. WILLIE RYANS, ) | |
| SGT. WALLACE PETERSON, ) | |
| DR. MELISSA BREITLING ) | |
| DR. CHARLES HUDSON[2] ) | |
| BETTY ROGERS, L.P.N., ) | |
| RALPH PRICE, R.N., and ) | |
| H.S.A. LAWRENCE HYNES,[3] ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on the "Notice of Death" filed by counsel for the defendants (doc. 124) and the plaintiff's motion to lift the stay and substitute defendant Willie Ryans' estate (doc. 135).  For the reasons discussed below, this action is now due to be dismissed with prejudice.

---

[1] Hawkins is also referenced in the pleadings as R.L. Hawkin.

[2] Hudson is also referenced in the pleadings as Huddson.

[3] Hynes is also referenced in the pleadings as Hines.

**BACKGROUND**

Following the court's grant of summary judgment on behalf of many of the defendants on many of the plaintiff's claims, the court scheduled this matter for a pre-trial conference on the remaining Eighth Amendment claims against defendant Ryans. (Doc. 123). Counsel for the remaining defendant, Ryans, then filed a "Notice of Death." (Doc. 124). Counsel also filed a "Notice of Non-representation and Motion to Withdraw" due to the death of Ryans. (Doc. 127).

At the pretrial telephone conference, the court discussed with the parties the fact that the only remaining defendant died two years ago and no estate exists as far as this court could tell at that juncture. Counsel for Ryans informed the court that due to the fact that Mr. Ryans had died, they could not represent his estate if one was appointed. During the conference, the plaintiff also indicated that he had filed various discovery motions to which the defendants' counsel had not responded. He also requested that counsel be appointed to represent him in this matter. The court then permitted the plaintiff thirty days to file any necessary motions. Included in his motions was a motion for the appointment of counsel. (Doc. 130). The motion was granted to the extent counsel was appointed to represent the plaintiff to make a reasonable inquiry pursuant to FEDERAL RULE OF CIVIL PROCEDURE 11 into whether a motion to amend the complaint to add the estate of Darryl Ryans should be filed. (Doc. 132). Counsel was afforded forty-five (45) days to make said inquiry and to communicate with the plaintiff concerning the same. Counsel has filed a report with the court concerning the possibility of substituting another representative party for defendant Ryans. (Doc. 136).

Counsel reports that he conducted extensive research into the possibility of seeking a party substitution in this case. After conducting an internet search, contacting the probate offices

in the local communities where an estate for defendant Ryans would have been opened, and obtaining limited family history, counsel could find no estate that had been opened and no identifiable heir or personal representative of Mr. Ryans.  (Doc. 136).

## DISCUSSION

This court has the authority to order the substitution of a party after the death of a defendant.  *See* Fed. R. Civ. P. 25(a).  "The decision whether to allow substitution is discretionary."  *National Independent Theater Exhibitors, Inc*. v. *Buena Vista Distibution Co*., 748 F.2d 602, 610 (11th Cir 1984) (citing *Collateral Control Corp. v. Deal* (*In re Covington Grain Co.*), 638 F.2d 1357, 1360 (5th Cir. Unit B 1981); *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978); *Fontana v. United Bonding Insurance Co*., 468 F.2d 168, 170 (3d Cir. 1972)).

This matter has been pending for three years, Ryans has been dead for over two years, and the court has afforded the plaintiff, via counsel, an opportunity to discover a proper substitute defendant.  However, counsel has not been able to locate any appropriate, legally responsible substitute defendant.  No estate was probated on Ryans' behalf, no executor or administrator has been found, and any living family member would not be legally responsible for defendant Ryans' purported actions.  The plaintiff's motion seeking to lift the stay and substitute Ryans' wife/beneficiary and or administrator is due to be granted to the extent the court must address the substitution issue and denied to the extent the plaintiff seeks to substitute a third party.  There simply is no viable substitute under the circumstances.

## CONCLUSION

In view of the foregoing, the court finds that the plaintiff's motion to lift the stay and

substitute Ryans' wife/beneficiary and or administrator (doc. 135) is due to be granted to the extent the court has addressed the substitution issue and denied to the extent the plaintiff seeks to substitute a third party.  The court further finds that under the circumstances, more particularly, the inability of this court to substitute a third party for the remaining deceased defendant, this action is due to be dismissed with prejudice.

The court also finds that the motion of defendants' counsel to withdraw from further representation of defendant Ryans (doc. 127) is due to be granted.  Finally, the court finds that Mr. Rick Burgess is due to be released from further representation of the plaintiff in this matter.

An appropriate order will be entered.

The Clerk is **DIRECTED** to serve a copy of this memorandum opinion upon the plaintiff, counsel for the defendants, and Mr. Rick Burgess as counsel for the plaintiff.

**DONE**, this the 24th day of February, 2009.

*John E. Ott*

JOHN E. OTT
United States Magistrate Judge